UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CASSANDRA CLEAVELAND, Individually, and as Mother and Next Friend of A.C., a Minor, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4-19-cv-4082 ) |
| CITY OF ROCK ISLAND, ILLINOIS | ) ) |
| Defendant. | ) |

**RESPONSE TO MOTION TO ESTABLISH NEW DISPOSITIVE MOTION DEADLINE**

Plaintiff, Cassandra Cleaveland, by and through her attorneys, Katz Nowinski P.C. states as follows for her Response to Defendant City of Rock Island's Motion to Establish New Dispositive Motion Deadline:

1. Plaintiff resists defendant's "Motion to Establish New Dispositive Motion Deadline" because it is untimely.

2. As conceded in paragraph 1 of its motion, "The Court's latest order … set the dispositive motion deadline for August 26, 2020." (To be accurate, this Court's April 8, 2020 Text Order extended the deadline to August **24**, 2020, not August 26, 2020. Further, it should be noted that the original dispositive motion deadline in this case set by the Court's June 18, 2019 Text Order, was May 29, 2020.)

3. Defendant acknowledges the general motion rule, Local Rule 7.1(A)(3), requires that "Motions for extensions of time must be filed within the original time allowed."

1

4. Obviously, defendant's motion is not filed "within the original time allowed."

5. Defendant's motion was filed 35 days late.

6. However, as pointed out by this Court in its September 29, 2020 Text Order, defendant must also comply with Local Rule 6.1, which requires:

> Any party seeking an extension of time for any reason must file a motion for such extension before the original deadline. Motions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice. All such motions must state the amount of additional time requested, and must state whether opposing counsel has objection to the motion.

7. Defendant's motion failed to "state whether opposing counsel has objection to the motion." Obviously, opposing counsel does object.

8. Additionally, defendant fails to cite or support that denial "would create a substantial injustice." To the contrary, denial would not create a substantial injustice.

9. Defendant further fails to cite the more specific rule as to summary judgment motions, Local Rule 7.1(D), which provides in pertinent part:

> Motions for extension of time to file a motion for summary judgment, a response or a reply thereto will not be looked upon with favor; such motions may be summarily denied unless they are filed within the original time as allowed by this rule or by the scheduling order.

10. Therefore, not only does this Court look on motions for extension, even when timely filed, with disfavor, but the instant motion, filed more than a month late, should be "summarily denied."

11. In brief support, see *King v. Moore*, No. 11-CV-1290, 2012 WL 13005481, at *2 (C.D. Ill. May 14, 2012):

> The decision to enforce the deadlines and the Local Rules is well within the discretion of the Court. "In exercising discretion regarding enlargements of time, courts

should be mindful that the rules are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action.' Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (*quoting Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988)).

See also *In re Clayton*, 369 B.R. 383, 388 (Bankr. C.D. Ill. 2007):

> The Seventh Circuit has stated that local rules governing summary judgment motions "reflect an attempt to make the parties' respective summary judgment obligations explicit." *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921 (7th Cir.1994). Further, the Seventh Circuit has "repeatedly upheld the strict enforcement" of such local rules, including those of the Central District of Illinois. *Id. at* 922.

12. Contrary to defendant's assertion in paragraph 7 that "establishing a new deadline some time in the last week of October will permit the parties and the Court to take up the motion without the need for a continuance," granting this untimely motion would almost certainly necessitate a continuance of the January 6, 2021 pre-trial and February 22, 2021 trial.

13. Using defendant's "last week of October" suggestion as the starting point, plaintiff would have 21 days under Local Rule 7.1(D)(2) to file her response, or approximately the third week of November, defendant's Reply pursuant to Local Rule 7.1(D)(3) would be due in 14 days, or approximately the first week of December, generously giving this Court approximately one month during the Christmas season (assuming there is no oral argument) to research, draft and finalize its order.

14. In plaintiff's counsel's experience, this is not realistic.

15. As to the "grounds" cited by defendant, it is certainly true that Covid-19 interrupted plaintiff's counsel's practice, and further interrupted receipt of certain medical records, but this

should have had no bearing whatsoever on defendant's ability to file a timely motion for extension.[1]

16. Finally, granting defendant's request, contrary to its assertion in paragraph 6, would clearly prejudice plaintiff, requiring her to defend a summary judgment motion instead of preparing for trial.

WHERFORE, Plaintiff, Cassandra Cleaveland, respectfully requests that this Court deny Defendant City of Rock Island's Motion to Establish New Dispositive Motion Deadline.

                                                CASSANDRA CLEAVELAND,
Individually, and as Mother and Next Friend of A.C., a Minor, Plaintiff

By: /s/ John F. Doak
     John F. Doak (ARDC # 6204122)

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-3330
E-mail: jdoak@katzlawfirm.com

---

[1] Plaintiff further questions how A.C.'s medical records back to his birth could be relevant to a dispositive motion; if defendant has some basis, as a matter of law, to move this Court for summary judgment, it should not be on the basis of disputed medical facts. Further, plaintiff must note the legal issue in this case, reasonable accommodation of A.C.'s disability under Title II of the ADA is **"a highly fact-specific inquiry and requires balancing the needs of both parties**." (*Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006).

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David G. Morrison:   david@mmcwlaw.com
Hector Lareau:       hector@lareaulaw.com

/s/ John F. Doak
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309/797-3000
Fax: 309/797-2167
E-mail: jdoak@katzlawfirm.com